**UNITED STATES DISTRICT COURT**
**FOR DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MIGUEL DURAN,  :  | |
| : | |
| Petitioner,  : | Civil Action No. |
| :  | 10-0294 (RMB) |
| v.  : | |
| : | |
| WARDEN SEAN THOMAS,  : | |
| : | **MEMORANDUM OPINION** |
| Respondent.  : | **AND ORDER** |
| : | |

1. Petitioner, a pre-trial detainee currently confined at the Atlantic County Justice Facility in Mays Landing, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 1 and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). The Petition asserts jurisdiction under 28 U.S.C. § 2254. For state prisoners, § 2254 is a post-conviction remedy. Jurisdiction to grant the writ to pre-trial detainees exists, however, under 28 U.S.C. § 2241. See Moore v. De Young, 515 F.2d 437, 441-42 (3d Cir. 1975).

2. Based on his affidavit of indigence, the Court will grant Petitioner's application to proceed in forma pauperis. Because it appears from a review of the Petition that Petitioner is not entitled to issuance of the writ at this time, the Court will dismiss the Petition, since a federal district court can dismiss a habeas corpus petition if it

      appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also 28 U.S.C. §§ 2243, 2254. Petitioner's application for appointment of counsel will be denied as moot.

3. Petitioner asserts that he is entitled to dismissal of all criminal charges currently pending against him and immediate release from confinement on the grounds that his criminal charges were based on evidence improperly obtained and that his bail was set in an excessive amount of $85,000. See Docket Entry No. 1.

4. Addressing the question whether a federal court should ever grant a pre-trial writ of habeas corpus to a state prisoner, the Court of Appeals for the Third Circuit has held:

   (1)  federal courts have "pre-trial" habeas corpus jurisdiction;
   (2)  that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present . . . March 14, 2010;
   (3)  where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

Moore v. De Young, 515 F.2d at 443.

4. Here, Petitioner does not allege that he has exhausted his state remedies. In the absence of exhaustion, this Court should exercise pre-trial habeas jurisdiction only if "extraordinary circumstances are present." Petitioner has alleged no extraordinary circumstances. Accordingly, there is no basis for this Court to intervene in a pending state criminal proceeding.

5. This Court expresses no opinion as to the merits of Petitioner's claim.

6. Because jurisdiction was asserted under 28 U.S.C. § 2254, this Court will address whether a certificate of appealability should issue. Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds

without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling. Accordingly, no certificate of appealability shall issue.

IT IS therefore on this **16th** day of **March 2010**,

**ORDERED** that Petitioner's application for leave to proceed in forma pauperis is granted; and it is further

**ORDERED** that the Petition, Docket Entry No. 1, is dismissed without prejudice; and it is further

**ORDERED** that no certificate of appealability shall issue; and it is further

**ORDERED** that Petitioner's application for appointment of counsel is denied, as moot; and it is further

**ORDERED** that the Clerk shall serve Petitioner with a copy of this Memorandum Opinion and Order by regular U.S. mail; and it is finally

**ORDERED** that the Clerk shall close the file on this matter by making a new and separate entry on the docket reading "CIVIL CASE CLOSED."

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**United States District Judge**