**UNITED STATES DISTRICT COURT**
**FOR DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| MIGUEL DURAN, | : | |
| | : | |
| Petitioner, | : | Civil Action No. |
| | : | 10-0294 (RMB) |
| v. | : | |
| | : | |
| WARDEN SEAN THOMAS, | : | |
| | : | **MEMORANDUM OPINION** |
| Respondent. | : | **AND ORDER** |
| | : | |

IT APPEARING THAT:

1.  On January 19, 2010, Petitioner, a pre-trial detainee currently confined at the Atlantic County Justice Facility in Mays Landing, New Jersey, submitted a petition for a writ of habeas corpus and an application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a). The petition, as submitted by Petitioner, asserted jurisdiction under 28 U.S.C. § 2254. See Docket Entry No. 1. Petitioner requested appointment of counsel and production of all records that had accumulated in the state courts. See Docket Entries Nos. 3 and 4.

2.  On March 16, 2010, this Court issued a Memorandum Opinion and Order granting Petitioner in forma pauperis status and addressing procedural aspects of Petitioner's pleading. See Docket Entry No. 5.

3.  Specifically, the Court observed that – since Section 2254 is a provision enabling state prisoners to seek post-conviction remedy – that Section was unavailable to Petitioner as a

|     |     |
| --- | --- |
|     | jurisdictional basis: this was so simply because Petitioner was a pre-trial detainee. See id. at 1. Upon so observing, the Court noted that proper jurisdiction to grant a habeas writ to pre-trial detainees does, nonetheless, exist under 28 U.S.C. § 2241. See id. at 2 (citing Moore v. De Young, 515 F.2d 437, 441-42 (3d Cir. 1975)). |
| 4.  | Therefore, construing Petitioner's pleading as a petition effectively seeking writ of habeas corpus under Section 2241 (and being just mislabeled as a Section 2254 application), the Court addressed the assertions made by Petitioner in light of the requirements articulated in Moore. See id. |
| 5.  | Specifically, the Court began its discussion by clarifying to Petitioner that: |

> [(a)]   habeas corpus jurisdiction without exhaustion [of state remedies] should not be exercised at the pre-trial stage unless extraordinary circumstances are present . . .; [and]
>
> [(b)]   where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication *and* has exhausted state remedies.
>
> Id. (citing Moore, 515 F.2d at 443, emphasis supplied).

|     |     |
| --- | --- |
| 6.  | Upon so stating, the Court observed that Petitioner did not allege that he exhausted his state remedies. See id. Indeed, granted Petitioner's pre-trial detainee status, such exhaustion was facially impossible. Therefore, the Court |

2

proceeded with examination of Petitioner's pleading in order to determine whether Petitioner asserted extraordinary circumstances warranting excuse of failure to exhaust for the purposes of Section 2241 review, as defined in Moore. See id. Observing that Petitioner alleged no extraordinary circumstances (rather, Petitioner alleged that his criminal charges were based on evidence improperly obtained and that his bail was excessive), the Court concluded that there was no basis for this Court's intervention with Petitioner's currently ongoing state criminal proceeding.[1] See id. at 3. The Court, therefore, dismissed Petitioner's pleading for failure to exhaust Petitioner's state remedies. See id. The Court expressed no opinion as to the merits of Petitioner's substantive claim, hence preserving Petitioner's opportunity to raise his habeas challenges upon completion of due exhaustion. See id. at 3-4 (clarifying that Petitioner's application was dismissed without prejudice).

---

[1] Indeed, at no point did Petitioner allege that the state court system was so deficient in terms of constitutional adjudication that it could not provide Petitioner with am ample opportunity to raise his challenges. See generally Docket Entries Nos. 1-4. Moreover, this Court presumes that the state procedures will afford Petitioner an adequate remedy. See Kelm v. Hyatt, 44 F.3d 415, 420 (6th Cir. 1995) (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 17(1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff").

7.  While the Court construed Petitioner's application as a petition filed pursuant to Section 2241, the Court -- out of an abundance of caution and in light of the fact that, in Petitioner's pleading, the jurisdictional basis was asserted under 28 U.S.C. § 2254 -- addressed the issue of whether a certificate of appealability should issue. See id. Applying the test articulated in Slack v. McDaniel, 529 U.S. 473, 484 (2000), the Court concluded that no certificate of appealability should be issued because jurists of reason would not find it debatable whether this Court was correct in its procedural ruling.[2] See id. at 4.

8.  Upon the Court's dismissal of Petitioner's application, the Clerk duly terminated the instant matter on March 17, 2010. On April 5, 2010, Petitioner filed his notice of appeal. See Docket Entry No. 6. However, one month later, that is, on May 4, 2010, the Clerk docketed a submission from Petitioner in which Petitioner sought leave to amend his original application. See Docket Entry No. 8. In light of the Clerk's receipt of Petitioner's submission, this Court directed the

---

[2] Upon the Court's dismissal of the petition, all Petitioner's then-pending motions, e.g., for appointment of counsel, were dismissed as moot. See Docket Entry No. 5, at 4.

       Clerk to restore the instant matter to active docket.[3]  See Docket Entry No. 9.

9. Petitioner's submission asserted that Petitioner erroneously designated his application as a Section 2254 petition, and that the error was a result of Petitioner's accidental use of a pre-printed form prepared by this District for use by pro se litigants seeking habeas relief under 28 U.S.C. § 2254. See id. at 2. Petitioner clarified that he was still a pre-trial detainee, and his intention was to seek relief under Section 2241. See id. at 1 and 2. Paraphrasing his original assertions, Petitioner alleged that he was "illegally detained[,] and detained in violation of Petitioner['s] 4th and 14th Amendment [rights]." Id. at 2; see also id. at 4 (paraphrasing the same). No statement made in Petitioner's submission asserted extraordinary circumstances of any kind, moreover extraordinary circumstances allowing the Court to exercise habeas jurisdiction regardless of Petitioner's failure to exhaust state court remedies. See generally, Docket Entry No. 8.

---

[3] The Court's intention was to deny Petitioner's request pursuant to the guidance provided in Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985) (clarifying that, "[a]s a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal").

10. On July 8, 2010, the Court of Appeals entered an order staying Petitioner's appellate proceedings in order to allow this Court an opportunity to address Petitioner's submission docketed as Docket Entry No. 8.  <u>See</u> Docket Entry No. 10 (the Court of Appeals' order construing Petitioner's submission as a motion for reconsideration of this Court's prior decision).

11. Petitioner's submission does not warrant reconsideration. Petitioner appears to argue that his pleading was dismissed simply because it was executed on a pre-printed form intended for use by litigants seeking a writ of habeas corpus under 28 U.S.C. § 2254, and that Petitioner's mechanical change of Section 2254 to Section 2241 might qualify Petitioner for habeas relief.  <u>See</u> <u>generally</u>, Docket Entry No. 8.  If so, Petitioner errs.  The Court did not dismiss Petitioner's original application on the grounds of a "mere technicality." Indeed, it would be unseemly for this Court to order such dismissal.  This Court is aware of Petitioner's <u>pro se</u> status and is mindful of the Court of Appeals' guidance that a pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Att'y Gen.</u>, 878 F.2d 714, 721-22 (3d Cir. 1989).

12. Rather, Petitioner's instant request to construe his original application as a Section 2241 petition is, at this juncture,

      moot. This is so simply because the Court *already construed Petitioner's application as a Section 2241 petition* during its original review. See Docket Entry No. 1.

13. The crucial points were that the Court dismissed Petitioner's original submission because: (a) the application was not exhausted in the state courts; and (b) Petitioner failed to assert extraordinary circumstances warranting exercise of habeas jurisdiction. See Docket Entry No. 5.

14. Petitioner's latest submission does not cure *these* deficiencies. Since Petitioner has re-stated that he is still a pre-trial detainee, it is unquestionable that Petitioner did not, and could not, exhaust state court remedies at all three levels of the state court. And since Petitioner has merely re-stated his umbrella allegation that his detention was "illegal," asserting that the charges underlying his current detention might be open to an attack under the Fourth or Fourteenth Amendment (or both), although such allegation cannot qualify as a statement of extraordinary circumstances, this Court finds no valid basis for reversal of its prior decision.[4] Therefore, Petitioner's motion for

---

    [4] There are four basic grounds upon which a motion for reconsideration may be granted: (a) to correct manifest errors of law or fact upon which the judgment was based; (b) to present newly-discovered or previously unavailable evidence; (c) to prevent manifest injustice; and (d) an intervening change in prevailing law. See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed.

reconsideration, Docket Entry No. 8, has been granted but only in the sense that the Court examined Petitioner's motion, see Pena-Ruiz v. Solorzano, 281 Fed. App'x 110, 2008 U.S. App. LEXIS 12436, at *2-3, n.1 (3d Cir. June 10, 2008)(explaining that a court's examination of the allegations made in a litigant's motion for reconsideration qualifies, per se, as grant of the motion, even if the court concludes that no error requiring reversal of the court's prior decision was committed); however, Petitioner's pleading will be re-dismissed on the grounds already articulated by the Court in its prior decision, i.e., because of Petitioner's failure to exhaust state court remedies or to cure this deficiency by asserting circumstances excusing such exhaustion for the purposes of Section 2241 review.

IT IS therefore on this **9th** day of **July 2010**,

**ORDERED** that the Petition, Docket Entry No. 1, is dismissed without prejudice; and it is further

**ORDERED** that the Court withdraws its jurisdiction over this matter; and it is further

---

1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)(purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence).  None of the above-listed grounds is implicated in the case at bar.

**ORDERED** that the Clerk shall serve Petitioner with a copy of this Memorandum Opinion and Order by regular U.S. mail; and it is further

**ORDERED** that the Clerk shall serve a complimentary hard copy of this Memorandum Opinion and Order upon the United States Court of Appeals for the Third Circuit in order to enable a speedy resolution of Petitioner's appeal; and it is finally

**ORDERED** that the Clerk shall close the file on this matter by making a new and separate entry on the docket reading "CIVIL CASE CLOSED."

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE