**UNITED STATES DISTRICT COURT**
**FOR DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MIGUEL DURAN, | : | |
| | : | |
| Petitioner, | : | Civil Action No. |
| | : | 10-0294 (RMB) |
| v. | : | |
| | : | |
| WARDEN SEAN THOMAS, | : | |
| | : | |
| Respondent. | : | |
| | : | |
| | : | Civil Action No. |
| MIGUEL DURAN, | : | 10-2149 (RMB) |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN BONDISKEY, | : | **MEMORANDUM OPINION** |
| | : | **AND ORDER** |
| Respondent. | : | **APPLIES TO BOTH ACTIONS** |
| | : | |

These matters come before the Court upon Petitioner's submission of:

1. **In the action docketed as Civil Action No. 10-2149**:

    a. Petition for a writ of <u>habeas</u> <u>corpus</u> ("Second Petition"), <u>see</u> Docket Entry No. 1;

    b. "Supplemental Brief" to the same ("Brief"), <u>see</u> Docket Entry No. 2;

    c. A document titled "Motion for Reconsideration" ("First Motion"),[1] <u>see</u> Docket Entry No. 3;

---

[1] Although Petitioner filed his First Motion in Civil Action No. 10-2149, seeking "reconsideration," there has not been any

      d.    Letter requesting subpoena forms ("First Letter"), Docket Entry No. 4;

and

2. **In the action docketed as Civil Action No. 10-0294**:

      a.    The same "Motion for Reconsideration" as the one filed in Civil Action No. 10-2149 (i.e., the "First Motion"), see Docket Entry No. 12;

      b.    Another "Motion for Reconsideration" ("Second Motion"), see Docket Entry No. 14;

      c.    The same letter requesting subpoena forms as the one filed in Civil Action No. 10-2149 (i.e., the "First Letter"), see Docket Entry No. 13; and

      d.    Another letter "Requesting a Correction to Motion for Reconsideration" ("Second Letter"), see Docket Entry No. 15;

AND IT APPEARING THAT:

1. On January 19, 2010, Petitioner, a pre-trial detainee, submitted a petition ("First Petition") seeking a writ of habeas corpus. That submission was accompanied by Petitioner's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a). The Clerk docketed the First Petition, and that docketing gave rise to Civil Action No.

---

decision entered in that matter by this Court and, thus, the Court has no decision to "reconsider."

    10-0294 ("CV. 294").  The First Petition, as submitted by Petitioner, asserted jurisdiction under 28 U.S.C. § 2254. <u>See</u> CV. 294, Docket Entry No. 1.  In addition, Petitioner requested appointment of counsel and production of all records that had accumulated in the state courts. <u>See</u> CV. 294, Docket Entries Nos. 3 and 4.

2. On March 16, 2010, addressing CV. 294, this Court issued a Memorandum Opinion and Order granting Petitioner <u>in forma pauperis</u> status, dismissing the First Petition and denying Petitioner's applications for appointment of counsel and production of state records, as moot. <u>See</u> CV. 294, Docket Entry No. 5.

3. Specifically, the Court observed that because Section 2254 was a provision enabling state prisoners to seek post-conviction remedy, Section 2254 was unavailable to Petitioner, a pre-trial detainee, as a jurisdictional basis. <u>See</u> <u>id.</u> at 1. Upon so observing, the Court noted that proper jurisdiction to grant a habeas writ to pre-trial detainees did, nonetheless, exist under the original habeas statute, 28 U.S.C. § 2241. <u>See</u> <u>id.</u> at 2 (citing <u>Moore v. De Young</u>, 515 F.2d 437, 441-42 (3d Cir. 1975)).

4. Therefore, construing the First Petition as a petition effectively seeking writ of habeas corpus under Section 2241 (and being mislabeled as a Section 2254 application), the

Court addressed the assertions made by Petitioner in light of the requirements articulated in Moore.  See id.

5. Specifically, the Court began its discussion by clarifying to Petitioner that:

> [(a)]   habeas corpus jurisdiction without exhaustion [of state remedies] should not be exercised at the pre-trial stage unless extraordinary circumstances are present . . .; [and]
>
> [(b)]   where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication *and* has exhausted state remedies.
>
> Id. (citing Moore, 515 F.2d at 443, emphasis supplied).

6. Upon so stating, the Court observed that Petitioner did not allege that he had exhausted his state remedies.  See id. The Court pointed out that, given Petitioner's pre-trial detainee status, such exhaustion was facially impossible. Therefore, the Court proceeded with examination of the First Petition in order to determine whether Petitioner asserted extraordinary circumstances warranting excuse of the failure to exhaust for the purposes of Section 2241 review, as defined in Moore.  See id.  Observing that Petitioner alleged no extraordinary circumstances (and noting that Petitioner merely alleged that his criminal charges were based on evidence improperly obtained and that his bail was excessive), the Court concluded that there was no basis for this Court's

      intervention with Petitioner's currently ongoing state criminal proceeding. See id. at 3. The Court, therefore, dismissed the First Petition for failure to exhaust Petitioner's state remedies. See id. The Court expressed no opinion as to the merits of Petitioner's substantive claim, hence preserving Petitioner's opportunity to raise his habeas challenges upon completion of due exhaustion. See id. at 3-4 (clarifying that Petitioner's application was dismissed without prejudice).

7. While the Court construed the First Petition as a petition filed pursuant to Section 2241, the Court -- out of an abundance of caution and in light of the fact that, in Petitioner's pleading, the jurisdictional basis was asserted under 28 U.S.C. § 2254 -- addressed the issue of whether a certificate of appealability should issue. See id. Applying the test articulated in Slack v. McDaniel, 529 U.S. 473, 484 (2000), the Court concluded that no certificate of appealability had to be issued because jurists of reason would not find it debatable whether this Court was correct in its procedural ruling. See id. at 4.

8. Upon the Court's dismissal of the First Petition, the Clerk duly terminated the CV. 294; such termination took place on March 17, 2010. On April 5, 2010, Petitioner filed his notice of appeal with regard to the CV. 294. See CV. 294, Docket

5

      Entry No. 6.  However, one month later, that is, on May 4, 2010, the Clerk docketed a submission from Petitioner; in that submission, Petitioner sought leave to amend his First Petition.  See CV. 294, Docket Entry No. 8.[2]  In light of the Clerk's receipt of Petitioner's submission, this Court directed the Clerk to restore the CV. 294 to active docket.[3]  See CV. 294, Docket Entry No. 9.

9.    Petitioner's submission asserted that Petitioner erroneously designated his First Petition as a Section 2254 petition, and that the error was a result of Petitioner's accidental use of a pre-printed form prepared by this District for use by pro se litigants seeking habeas relief under 28 U.S.C. § 2254.  See CV. 294, Docket Entry No. 8. at 2.  Petitioner clarified that he was still a pre-trial detainee, and his intention was to seek relief under Section 2241.  See id. at 1 and 2.  Paraphrasing the claims already made in the First Petition

---

[2] The Court notes that Plaintiff also filed an essentially identical pleading in Civil Action No. 07-3589, Docket No. 184. United States Magistrate Judge Joel Schneider dismissed the pleading without prejudice to the Plaintiff's right to re-file in the habeas proceeding.  As discussed herein, the Court denies Plaintiff the relief he seeks.

[3] The Court's intention was to deny Petitioner's request pursuant to the guidance provided in Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985) (clarifying that, "[a]s a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal").

      Petitioner alleged that he was "illegally detained[,] and detained in violation of Petitioner['s] 4th and 14th Amendment [rights]." Id. at 2; see also id. at 4 (paraphrasing the same). No statement made in Petitioner's submission asserted extraordinary circumstances of any kind, to allow the Court to exercise habeas jurisdiction regardless of Petitioner's failure to exhaust state court remedies. See generally, CV. 294, Docket Entry No. 8.

10. On July 8, 2010, the Court of Appeals entered an order staying Petitioner's appellate proceedings (with regard to Petitioner's challenges in CV. 294); the Court of Appeals clarified that such action was undertaken in order to allow this Court an opportunity to address Petitioner's submission docketed in the CV. 294 as Docket Entry No. 8. See CV. 294, Docket Entry No. 10 (the Court of Appeal's order construing Petitioner's submission seeking re-qualification of his First Petition from a § 2254 submission into a § 2241 submission as a de facto motion for reconsideration of this Court's prior decision dismissing the First petition as unexhausted).

11. On July 9, 2010, this Court issued a memorandum opinion and order addressing Petitioner's submission; in that decision, the Court concluded that the content of Petitioner's submission seeking re-qualification from § 2254 to § 2241 did not warrant reconsideration. See CV. 294, Docket Entry No.

11.  Specifically, the Court clarified that, while it appeared that Petitioner was under the impression that his First Petition was dismissed simply because it was executed on a pre-printed form intended for use by litigants seeking a writ of habeas corpus under 28 U.S.C. § 2254, and that Petitioner's technical change of Section 2254 to Section 2241 might qualify Petitioner for habeas relief, Petitioner erred.  This Court did not dismiss the First Petition on the grounds of a "mere technicality," especially in light Petitioner's pro se status and the Court of Appeal's guidance that a pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See CV. 294, Docket Entry No. 11, at 6 (citing Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Att'y Gen., 878 F.2d 714, 721-22 (3d Cir. 1989)).  The Court also explained to Petitioner that Petitioner's request to construe his original application as a Section 2241 petition was effectively moot because the Court had already construed Petitioner's application as a Section 2241 petition during its initial review of the First Petition.  See id. at 6-7.  The Court pointed out to Petitioner that the crucial shortcoming of the First Petition was rooted in Petitioner's failure to exhaust his claims in the state courts as well as his failure to assert extraordinary circumstances warranting exercise of habeas jurisdiction.  As such,

Petitioner's submission requesting a technical change of § 2254 into § 2241 could not possibly cure that deficiency, same as the Court could not re-review the First Petition under § 2241 because the Court had already conducted that very analysis. See id. at 7. Upon addressing the aforesaid aspects, the Court proceeded with examination of Petitioner's submission under the standard applicable to motions for reconsideration.[4] See id. at 7-8, n. 4. Detailing to Petitioner the considerations applicable to the decision of whether the prior ruling should be reversed, the Court concluded that reconsideration of its prior ruling was unwarranted, and the First Petition should be dismissed as unexhausted. See id. at 7-8 (citing Pena-Ruiz v. Solorzano, 281 Fed. App'x 110 (3d Cir. June 10, 2008), for the explanation that a motion for reconsideration is deemed "granted" if the court addresses the merits of the reconsideration motion, even if the actual revocation of the prior decision is denied by the court upon applying the Reconsideration Standard). The Court concluded its review of Petitioner's submission seeking re-qualification of his First

---

[4] The Court's decision to assess Petitioner's submission under the standard applicable to motions for reconsideration was based solely on the fact that the Court of Appeals construed Petitioner's submission (seeking leave to amend his First Petition by re-designating from § 2254 to § 2241) as a motion for reconsideration and stayed Petitioner's appellate proceedings on these particular grounds. See CV. 294, Docket Entry No. 10.

     petition from § 2254 to § 2241 by stating, in no ambiguous terms, that the First Petition was dismissed, and that the Court withdrew its jurisdiction over Civil Action No. 10-0294, hence ripening that matter for removal of stay of Petitioner's appeal. See id. at 8. Moreover, the Court directed the Clerk to serve a courtesy hard copy of its decision upon the United States Court of Appeals for the Third Circuit in order to enable a speedy resolution of Petitioner's appeal. See id. at 9. The Clerk duly entered the Court's memorandum opinion and order, and closed the CV. 294 on July 9, 2010.

12. Meanwhile, as the aforesaid developments had been taking place, Petitioner initiated, on April 29, 2010, another § 2241 action by filing his Second Petition, i.e., the pleading that gave rise to Civil Action No. 10-2149 ("CV. 2149"). In the Second Petition, a submission encompassing fifty pages, Petitioner raised challenges substantively identical to those raised in his First Petition. See CV. 2149, Docket Entry No. 1. In addition to the fifty-page Second Petition, Petitioner also filed, on May 11, 2010, a sixty-three-page Brief. In this document, Petitioner maintained that the Younger abstention should not be applied to Petitioner because of his belief that the state criminal proceedings are "undertaken in bad faith" and that his prosecutors are "harassing" him. See CV. 2149, Docket Entry No. 2. However, neither the Second

Petition nor the Brief made any statements suggesting that Petitioner did (or somehow could) exhaust his claims in the state courts, or that Petitioner's claims presented this Court with extraordinary circumstances warranting exercise of habeas jurisdiction. In other words, Petitioner's submission of the Brief did not alter the status of CV. 2149 as an action wholly duplicative of the already existing CV. 294.

13.   The power of a federal court to prevent duplicative litigation is intended "to foster judicial economy and the 'comprehensive disposition of litigation,'" Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) (quoting Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1952)), and "to protect parties from 'the vexation of concurrent litigation over the same subject matter.'" Id. (quoting Adam v. Jacobs, 950 F.2d 89, 93 (2d Cir. 1991)).

Porter v. NationsCredit Consumer Disc. Co., 2003 Bankr. LEXIS 933, at *33 (Bankr. E.D. Pa. 2003). Here, CV. 2149, an action that effectively duplicates CV. 294, is subject to administrative termination on the grounds of judicial economy and will be closed accordingly.[5]

---

[5] In addition, and in light of Petitioner's filing of another habeas petition in CV. 2149 while his habeas proceedings in CV. 294 were under way – this Court, being concerned about the consequences of Petitioner's litigation strategy, takes this opportunity to warn Petitioner about the concept of "abuse of writ." The concept differs from that of "successive petition." A "successive petition" raises grounds identical to those raised and rejected on the merits on a prior petition. See Sanders v. United States, 373 U.S. 1 at 15-17 (1963). By contrast, "[t]he concept of 'abuse of the writ' is [a broader concept, and it is] founded on the equitable nature of habeas corpus. . . . Where a prisoner files a petition raising grounds that were available but

11

14. In August 2010, no doubt aware that CV. 294 and CV. 2149 were actions duplicative of each other, Petitioner filed identical submissions in both of these two matters. See CV. 294, Docket Entries Nos. 12-15, and CV. 2149, Docket Entries Nos. 3-4.

15. For the purposes of CV. 294, these submissions included:

    a.  The First Letter, a three-page document requesting subpoena forms, see Docket Entry No. 13;[6]

    b.  The Second Letter (informing the Court of Petitioner's desire for an "in conjunction" reading of CV. 294 and CV. 2149), see Docket Entry No. 15;

---

not relied upon in a prior petition, or engages in other conduct that disentitles him to the relief he seeks, the federal court may dismiss the subsequent petition on the ground that the prisoner has abused the writ." Id. at 17-19.  The Court of Appeals clarified the workings of the doctrine of abuse of writ as follows: "When a prisoner files multiple petitions [seeking] relief [in the form of a writ], the abuse of the writ doctrine as set forth in 28 U.S.C. § 2244(a) may bar his claims: No circuit or district judge shall be required to entertain an application for [another writ] to inquire into the detention of a person . . . . if it appears that the [same issue was resolved] by a judge or court of the United States on a prior application for a writ of habeas corpus . . . ." Furnari v. United States Parole Comm'n, 531 F.3d 241 (3d Cir. 2008) (relying on Sanders, 373 U.S. at 9). Therefore, this Court strongly encourages Petitioner to consider carefully each of his applications, whether filed with this District or with any other state or federal court, to avoid meritless litigation.  Should Petitioner engage in filing repetitive pleadings, an abuse-of-writ bar or other sanctions, if appropriate, may result.

    [6] This Court is not entirely clear as to the rationale of Petitioner's desire to obtain subpoena forms in a *habeas* matter, i.e., a matter of the type where the underlying record is typically ordered by the court conducting the collateral review in the event the reviewing court determines that an answer to the petition and/or an evidentiary hearing is/are warranted.

12

    c. The First Motion, a thirty-five-page submission, <u>see</u> Docket Entry No. 12;

    d. The Second Motion, a *two-hundred-and-eleven-page* submission. <u>See</u> Docket Entry No. 14 (consisting of a sixty-five-page "amended petition" and a hundred-forty-six-page attachment).

16. In CV. 2149, Petitioner filed the First Letter and the Second Motion. <u>See</u> CV. 2149, Docket Entries No. 3 and 4. Although the latest submissions are quite voluminous,[7] they add nothing to this Court's holding that it should not exercise habeas jurisdiction. Indeed, in no ambiguous terms, Petitioner conceded that he did not (and could not) exhaust his claims in the state courts. In a rambling style, Petitioner discussed: (a) the substance of the charges underlying his currently undergoing state criminal proceedings (and the factual events underlying – or associated with – those charges, or with minutiae of Petitioner's criminal prosecution); and (b) Petitioner's disagreement with the currently existing state rules of criminal procedure, penal provisions, the rulings entered by the state judge presiding

---

[7] The sheer volume of Petitioner's latest round of filings appears particularly concerning in light of Petitioner's: (a) troubling practice of repeating and re-repeating the statements made in his prior submission(s); and (b) even more troubling practice of regurgitating the very legal standards that were provided to Petitioner by this Court in the Court's prior decisions addressing Petitioner's submissions.

over Petitioner's prosecution, and the arguments of Petitioner's prosecutors. None of Petitioner's lengthy arguments, however, suggests that Petitioner's criminal prosecution presents such a set of extraordinary circumstances that warrants exercise of habeas jurisdiction without allowing all three levels of the state court a due opportunity to address Petitioner's challenges (and a due opportunity to correct the violations of constitutional magnitude, if any). Simply put, no statement made in Petitioner's recent chain of voluminous filings suggests that the state court system is so deficient as to deprive Petitioner of an opportunity to duly vindicate the alleged violations of his federal rights associated with: (a) his arrest; and/or (b) imposition of his criminal charges; and/or (c) his bail;[8] and/or (d) the conduct of Petitioner's trial court and/or his prosecutors.

---

[8] See, e.g., Hargis v. Cohen, 2010 U.S. Dist. LEXIS 49825 (D.N.J. May 18, 2010) (claim of excessive bail does not qualify as "extraordinary circumstance"); McKenny v. Cohen, 2010 U.S. Dist. LEXIS 38613 (D.N.J. Apr. 15, 2010) (same); Baratta v. Polhemus, 2010 U.S. Dist. LEXIS 26722 (D.N.J. Mar. 19, 2010) (same); Ali v. Thomas, 2010 U.S. Dist. LEXIS 13900 (D.N.J. Feb. 18, 2010); accord Martin v. Diguglielmo, 644 F. Supp. 2d 612, 2008 U.S. Dist. LEXIS 73422 (W.D. Pa. 2008) (providing a thoughtful discussion of the "excessive bail" in light of the Supreme Court and Third Circuit law addressing the consideration raised by the Eighth Amendment and Fourteenth Amendment, and finding that no constitutional provision lends support of a habeas action based on an excessive bail claim in the event the inmate, as Petitioner here, was actually provided a bail hearing, of which the inmate had notice and was provided with an opportunity to respond).

Therefore, in light of the reconsideration standard set forth above (and already explained to Petitioner in this Court's prior ruling entered in CV 294), Petitioner's chain of recent filings warrants no reversal of this Court's prior conclusion that Petitioner's claims are subject to dismissal, as unexhausted or, alternatively, for failure to assert extraordinary circumstances justifying exercise of habeas jurisdiction regardless of non-exhaustion of these claims in the state courts.

IT IS, therefore, on this **18th** day of **August 2010**,

**ORDERED** that the Clerk shall reopen Civil Action No. 10-0294 (for the purposes of this Court's examination of Petitioner's submissions docketed in that matter as Docket Entries Nos. 12 to 15, inclusive) by making a new and separate entry on the docket of Civil Action No. 10-0294 reading "CIVIL CASE REOPENED"; and it is further

**ORDERED** that Petitioner's motions for reconsideration, docketed in Civil Action No. 10-0294 as Docket Entries Nos. 12 and 14 are: (a) granted in the sense that the Court considered the content of Petitioner's submission, but (b) the relief requested is denied in the sense that reversal of the Court's prior determinations made in Civil Action No. 10-0294 is not warranted; and it is further

**ORDERED** that no reconsideration can be granted with regard to Civil Action No. 10-2149 because no prior decision of any kind was entered by the Court in that matter and, hence, no reversal is warranted; and it is further

**ORDERED** that Petitioner's application, docketed in Civil Action No. 10-0294 as Docket Entry Nos. 13 (and re-docketed in Civil Action No. 10-2149 as Docket Entry No. 4), seeking subpoena forms, is denied as moot and, in addition, as without merit in either of these matters; and it is further

**ORDERED** that Petitioner's application, docketed in Civil Action No. 10-0294 as Docket Entry Nos. 15 (seeking "in conjunction reading of Civil Action No. 10-0294 and Action No. 10-2149) is denied as moot and, in addition, as seeking to litigate two duplicative matters hence abusing judicial economy; and
it is further

**ORDERED** that the Clerk shall close the file on Civil Action No. 10-0294 by making a new and separate entry on the docket of Civil Action No. 10-0294 reading "CIVIL CASE CLOSED"; and it is further

**ORDERED** that the Clerk shall administratively terminate Civil Action No. 10-2149, as duplicative of Civil Action No. 10-0294, by making a new and separate entry on the docket of Civil Action No. 10-2149 reading "CIVIL CASE TERMINATED"; and it is further

16

**ORDERED** that this Court withdraws its jurisdiction from both Civil Action No. 10-2149 and Civil Action No. 10-0294, hence ripening both these matters for appeal; and it is further

**ORDERED** that no other motions from Petitioner will be considered by the Court in the event such motions are filed in Civil Action No. 10-2149 and/or in Civil Action No. 10-0294, and in the event such motions are received by the Clerk, the Court will direct the Clerk to strike such motions from the docket(s) of Civil Action No. 10-2149 and/or Civil Action No. 10-0294, and - in addition – will qualify such applications as abuse of legal process and will consider sanctions, if appropriate; and it is further

**ORDERED** that the Clerk shall serve Petitioner a copy of this Memorandum Opinion and Order by certified mail, return receipt requested; and it is further

**ORDERED** that the Clerk shall serve a complimentary hard copy of this Memorandum Opinion and Order upon the Office of the Clerk with the Court United States Court of Appeals for the Third Circuit, in order to enable a speedy resolution of Petitioner's currently pending appeal with regard to Civil Action No. 10-0294 and, in addition, of appeal with regard to Civil Action No. 10-2149, in the event Petitioner elects to file such appeal; and it is finally

**ORDERED** that, for the ease of court administration, the Clerk shall add a notation (to the aforesaid mailing addressed to the Court of Appeals) reading "Re: Duran v. Thomas, USCA No. 10-2029."

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**